UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

PHILIP M. ARMSTRONG
*as next friend of*
MARCOS AZCUY RIVERO,

      Petitioner,

v.              No. 1:25-CV-00205-H

WARDEN, BLUEBONNET
DETENTION CENTER, *et al.*,

      Respondents.

### NOTICE OF DEFICIENCY AND ORDER

Philip M. Armstrong, a third-party, non-lawyer individual, hand-delivered a form petition for writ of habeas corpus for filing over the counter on behalf of an immigrant detainee confined in the Bluebonnet Detention Center. Dkt. No. 1. The petition challenges the detention of Marcos Azcuy Rivero pending asylum proceedings, and Mr. Armstrong purports to represent Mr. Rivero's interests as "next friend." *Id.* Mr. Rivero did not sign the petition, however. Nor is there any indication that Mr. Rivero consented to, or even knows about, the filing of the petition. Mr. Armstrong paid the $5.00 filing fee. As explained below, this case cannot proceed as filed.

1. **Legal Authority**

Non-attorney individuals may not use the next-friend device as a pretense for the unauthorized practice of law. *Weber v. Garza*, 570 F.2d 511, 513 (5th Cir. 1978). And detainees are not entitled to legal representation by a lay person. *Bonacci v. Kindt*, 868 F.2d 1442, 1443 (5th Cir. 1989). The Court notes that in narrow circumstances, "jailhouse lawyers" are permitted to help fellow prisoners file habeas petitions. *Johnson v. Avery*, 393 U.S. 483, 484 (1969); *Thomas v. Estelle*, 603 F.2d 488, 489 (5th Cir. 1979). But jailhouse lawyers are *not* actually lawyers, and they are not afforded special privileges like attorney-client privilege.

*Bonacci*, 868 F.2d at 1443. Moreover, the rights of access-to-courts and assistance from a jailhouse lawyer belong solely to the person in need of legal services, not to the jailhouse lawyer. *See Tighe v. Wall*, 100 F.3d 41, 43 (5th Cir. 1996). Finally, a jailhouse lawyer cannot bring a claim on behalf of another inmate who is capable of bringing such a claim in his own name. *See Johnson*, 393 U.S. at 490.

2.   **Analysis**

Here, Mr. Armstrong is not a lawyer—or even a jailhouse lawyer—and he has no authority to file legal claims on behalf of other individuals. Additionally, the requirements of Federal Rule of Civil Procedure 11, related to signing pleadings and making representations to the Court, apply here. And public access is limited in proceedings like this one that relate to immigration detention. Fed. R. Civ. P. 5.2(c). Mr. Rivero did not sign the petition, nor is there any suggestion that he is even aware of it. Simply put, Mr. Armstrong has no authority to file a habeas petition on behalf of Mr. Rivero, nor does he have a right to remotely access information about this proceeding.[1] But Mr. Rivero has the right to pursue habeas relief on his own behalf or with the assistance of a licensed attorney.

3.   **Conclusion and Instructions**

The Clerk is directed to change the caption of this case to reflect that the proper petitioner is Marcos Azcuy Rivero, who is proceeding pro se.[2] Mr. Armstrong will be removed from the case. However, the case cannot proceed without any suggestion of interest from Mr. Rivero.

---

[1] Mr. Armstrong did not register for electronic filing, but electronic access for non-lawyer individuals is prohibited in this type of case. Moreover, the Court notes that Mr. Armstrong lives is Richardson, Texas, nearly 200 miles away from the courthouse in Abilene. So even if Mr. Armstrong could legally represent the petitioner—which he cannot—from a practical perspective it would be difficult for him to prosecute this case.

[2] The petition lists Mr. Rivero's contact information on the first page.

As a result, if Mr. Rivero wishes to pursue habeas claims, he must file an amended petition within 30 days. His amended petition must be signed. The Court cautions Mr. Rivero that an amended petition will supersede and replace the original petition, so he must include all applicable grounds for relief in his amended petition. **If Mr. Rivero fails to timely file an amended petition, the Court will dismiss this action for want of prosecution without further notice.**

The Clerk is directed to mail a copy of this order to Mr. Armstrong. But Mr. Armstrong will not receive any further notice of the proceedings here. The Clerk is also directed to mail Mr. Rivero a copy of the original petition filed here, Dkt. No. 1, and a blank Section 2241 form marked, "amended" and stamped with this cause number.

Dated October 9, 2025.

JAMES WESLEY HENDRIX
United States District Judge

3